JAMES L. VAN ORDEN, Respondent, *v.* SAMUEL I. ACKEN, Appellant.

*Negligence — an employee, or person seeking work, injured by the unexplained fall of a brick down a ladder well.*

A person who, either as an employee or while seeking work, is in a building in process of construction, has no right of action against a contractor for the brick work thereof, for an injury done to him, while standing about the middle of the first floor of the building, and within a short distance from the foot of a series of ladders which reached up through openings in the floors above to the fourth story, by a brick which, striking the planking on the third floor, rebounded therefrom into the ladder well, in and about which planking had been put.

APPEAL by the defendant, Samuel I. Acken, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 30th day of June, 1897, upon the verdict of a jury, for $2,000, and also from an order entered in said clerk's office on the 29th day of June, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Benjamin F. Tracy,* for the appellant.

*Frederick W. Holls,* for the respondent.

PATTERSON, J.:

The plaintiff was injured by the falling of a brick in a building under construction, the defendant being the contractor for putting

up the brick work.   The plaintiff was in this unfinished structure either as an employee of the defendant or upon the defendant's invitation to come there to work.   The plaintiff knew of the condition of the building.   In the manner in which the case is presented to us it is entirely immaterial whether he was in the actual employment of the defendant or was upon the premises seeking work.   In either relation all that could be required of the defendant would be that the premises should be as safe for the plaintiff to work in or come upon as under the circumstances they could be made.   The side and rear walls had been put up to a point above the fourth story.   The front wall upon which the plaintiff expected to work (he being what is called a front-brick layer) had not been put up.   On the morning of the accident the plaintiff entered the premises and took a position about the middle of the first floor of the structure, and close to a ladder which reached to the second story, and rested against the beams of that story.   There was an opening in that floor.   On the floors above the second story were similar openings, there being a series of ladders from the first floor to the fourth floor, one above the other, up and down which workmen went.   In each floor was an opening for them to pass through, the openings constituting what was called a well hole for a ladder.   While the plaintiff was standing on the first floor, and within a short distance from the foot of the ladder, a brick fell from above and struck him.   What was the cause of the fall of the brick is unknown.   There is nothing whatever in the testimony to show how it happened to fall.   There can be no inference of negligence on the part of any one from the mere circumstance of that brick falling and the plaintiff being hurt in consequence.   It is not a case in which it may be said that the thing speaks for itself.   The occurrence was within the inclosure of a private building, and in that respect differs altogether from those cases in which something falls from a building into a highway, in consequence of which a person is injured. It is not shown that the falling of a fragment of a brick, or of some other material, during the course of construction of a large building, is so unusual or extraordinary a thing in itself that negligence can be inferred from the fact of the fall alone.   The attribution of negligence in this case must be that the defendant, being an

independent contractor and in charge of the brick work, was negligent in not providing a proper safeguard to prevent the falling of materials in the building and injuring a person therein. But the evidence in this case was sufficient to show that such safeguard was provided, and it consisted in the putting of planking, called flooring, in and about the ladder well hole, and also in and about an elevator well hole, which was adjacent, and there is the undisputed testimony of a disinterested witness, the engineer in charge of the operation of the elevator, which is controlling in the disposition of this case. Much of the testimony given on behalf of the plaintiff was directed to showing an insufficient protection on the second floor, but it is perfectly clear, on the uncontradicted testimony, that the condition of the second floor had nothing whatever to do with the accident. The brick fell through the ladder well. It struck the planking on the third floor, then rebounded therefrom into the well hole. That was distinctly seen by the engineer referred to. All the protection that was usual and necessary in and about such places was planking, and it was there. The evidence showed, not an omission on the part of the defendant to provide the usual and proper safeguards, but that they were there. The case, therefore, presents simply the feature of the fall of the brick and the injury to the plaintiff, without any further evidence that would indicate negligence on the part of the defendant.

In this view of the case the verdict was wrong and the judgment should be reversed, with costs to the defendant to abide the event.

VAN BRUNT, P. J., O'BRIEN, INGRAHAM and MCLAUGHLIN, JJ., concurred.

INGRAHAM, J. (concurring):

I concur. The plaintiff voluntarily placed himself under this well hole. He was not invited by defendant to place himself in that position, and the injury was the direct result of his act.

Judgment reversed, new trial ordered, costs to appellant to abide event.