## HOLZMAN v. KATZMAN et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. SERVANTS—INJURIES—ACTIONS—EVIDENCE—SUFFICIENCY.

In an action for servant's injuries caused by a fall of bricks, where there is no proof of the application or violation of the provisions of the labor law (Laws 1897, p. 468, c. 415, § 20, as amended by Laws 1899, p. 351, c. 192) relative to the protection of persons employed on buildings in cities, nor of the cause of the fall of bricks, a finding of fault on the part of the owner of the building is without evidence to support it.

Appeal from City Court of New York, Trial Term.

Action by Samuel Holzman against John Katzman, impleaded with others. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Nadal & Carrere, for appellant.
Morris Cukor, for respondent.

MacLEAN, J. Assuming the evidence of direction, supervision, and control sufficient to connect the owner of the building in process of construction as common master of the employés of his codefendants who had agreed to do the mason work, there was neither proof nor contention of the application or violation of the provisions of the labor law (Laws 1897, p. 468, c. 415, § 20, as amended by Laws 1899, p. 351, c. 192), nor does the case disclose the cause of the fall of the bricks in consequence of which the plaintiff sustained his injuries. Under the decision of Van Orden v. Acken, 28 App. Div. 160, 50 N. Y. Supp. 843, the maxim res ipsa loquitur does not apply. The finding of fault on the part of the owner of the building being, therefore, without evidence to support it, the judgment and order below in favor of the plaintiff must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.