## TOWN OF ARKADELPHIA V. CLARK.

MUNICIPAL CORPORATIONS: *Nuisance: Power to punish bee-keeping.*

Although bees may become a nuisance in a city, an ordinance which makes the owning, keeping, or raising them within the city limits a nuisance, whether it is in fact so or not, is too broad and is not valid.

APPEAL from *Clark* Circuit Court.

R. D. HEARN, Judge.

The appellee, Clark, was prosecuted in the Mayor's Court of Arkadelphia for violating an ordinance prohibiting the owning, keeping or raising of bees within the corporate limits of that city. He was fined $6.00, and appealed to the Circuit Court, where he demurred to the charge against him on the ground that the ordinance was void and that the Mayor had no jurisdiction to render the judgment appealed from. The court sustained the demurrer and dismissed the charge. The city appealed.

A preamble to the ordinance referred to recites that a petition from many citizens had been presented to the City Council, setting forth that the keeping of bees in the city was injurious to property, such as early fruit, and dangerous to citizens when riding upon the streets and a pest in many houses. The ordinnnce is in substance as follows:

" Be it ordained by the City Council of the City of Arkadelphia: That it shall be unlawful for any person or persons to own, keep, or raise bees in the City of Arkadelphia, the same having been declared a nuisance.

" That any person or persons keeping or owning bees in the City of Arkadelphia are hereby notified to remove the same from the corporate limits of the City of Arkadelphia within thirty days from the date hereof."

Section 2 provides a penalty of not less than $5.00 nor more than $25 for a violation of the ordinance.

Section 751, Mansfield's Digest, provid_s that municipal corporations " shall have power to prevent injury or annoyance

within the limits of the corporation, from anything dangerous, offensive or unhealthy, and to cause any nuisance to be abated." Section 764 provides that such corporations "shall have power to make and publish such by-laws and ordinances not inconsistent with the laws of this State, as to them shall seem necessary to provide for the safety, preserve the health, promote the prosperity and improve the morals, order, comfort and convenience of such corporations, and the inhabitants thereof."

*Crawford & Crawford,* for appellant.

The ordinance is valid. The city had the power to pass it. *Mansf. Dig.,* secs. *751, 764; 31 Ark., 462; 4 Wait. Act. and Def., 618.* A thing not a nuisance *per se* may become so by its surroundings. Under the "police power" the city had the right to pass the ordinance declaring the keeping of bees in a populous city a "nuisance." *29 W. Va., 48; 72 Cal., 114; Wood on Nuisances,* sec. *1 et seq.; 5 S. E. Rep., 201; 33 La. Ann., 1011; 97 U. S., 659; 5 Martin (La.) N. S., 409; 16 Amer. Rep., 189, note p. 194; 51 Ill., 286; 2 Am. Rep., 301; 20 Am. Dec., 261; 22 id., 421; 10 La. Ann. 227; 1 Gill (Md.), 264; 39 N. W. Rep., 670; 60 Miss., 451; 66 Am. Dec., 326.*

In all doubtful cases, the action of municipal corporations declaring a thing to be a nuisance would be conclusive. *13 N. J. (Law), 196; How. & Bem. on Pol. Ord.,* sec. *28; 1 Dill. Mun. Corp. (3d ed.) 95.*

See also as to the effects of such ordinances, *59 Vt., 300; 9 Atl. Rep., 571; 1 Dill. Mun. Corp.,* sec. *308 (3d ed.); 62 Cal., 538; 1 Gill (Md.), 264; 3 Kent's Com., 340; 12 Pick., 184; 22 Am. Dec., 421; 18 Ark, 260; 70 Penn. St., 102; 10 Am. Rep., 669; Dill. Mun. Corp. (1st ed.),* sec. *260; 29 Ill., 320; 10 Wall. 505; 57 Miss., 260; 41 Ark., 526; 64 Iowa, 59; 23 Am. Rep., 236.*

The question whether the thing may or may not be a nuisance must be settled as one of fact and not of law. *14*

*N. E., 677; 47 N. J. (Law), 286 ; 49 id., 391; 8 Atl. Rep., 513; 60 Miss., 451.*

*C. V. Murray* and *S. W. Williams*, for appellee.

The power to regulate does not give the power to prohibit, though it does give power to license. The City Council has no power to declare that a nuisance which is not *per se* such. See *Mansf. Dig. secs. 751, etc. ; art. 2, sec. 2 Const. ; ib., sec. 21; 26 Fed. Rep., 611; 31 Ark., 462; 41 id., 456 ; 34 id., —; 45 id., 454 : 41 id., 527; 85 W. Rep., 425; 12 West. Rep., 760; 11 Cent. Rep., 219; How. & Bem. Mun. Pol. Ord., sec. 252 ; 24 N. J. Eq., 169; Alb. Law Journ., March 9, 1889; 63 Mich., 396 ; 1 Dill. Mun. Corp., sec. 253; 58 Ill., 102 ; 26 N. J. Law, 298; 12 Penn. St., 318 ; 5 Cush. 438.*

It is unwarranted, unreasonable and void. *9 Cent. Rep., 360; 9 id., 517; ib., 653.*

See, also, *12 West. Rep., 760; 26 Fed. Rep., 611; 9 Pac. Rep. 141; 4 Black. Com., 169; 1 Bish. Cr. Law, sec. 243; Wood on Nuis., secs. 24, 25, 26, 80, 81, 82 ; Dill. on Mun. Corp., sec. 308; 29 Md., 217; 2 Green. N. J., 222; Dill. Mun. Corp., sec. 55 and note; ib., sec. 261; How. & Bem., sec. 252 ; 46 Iowa, 66 ; 45 Tex., 312 ; 61 Md., 292 ; 10 Wall., 497.*

PER CURIAM. Neither the keeping, owning, or raising of bees is, in itself, a nuisance. Bees may become a nuisance in a city, but whether they are so or not is a question to be judicially determined in each case. The ordinance under consideration undertakes to make each of the acts named a nuisance without regard to the fact whether it is so or not, or whether bees in general have become a nuisance in the city. It is, therefore, too broad, and is invalid.

Affirmed.