JOHN M. OLMSTED, Respondent, v. ROBERT S. RICH et al,
Appellants.

*Supreme Court, Fourth Department, General Term, July 20, 1889.*

1. *Trial. Jury.*—An action to abate a nuisance and for damages is not an
   action for a nuisance, within section 968 of the Code, so as to entitle
   defendants to a jury trial as matter of right.
2. *Nuisance. Parties.*—In an action to abate a nuisance, the owner of the
   fee is a party defendant, but the omission, if not taken by demurrer or
   answer, is no defense.
3. *Same. Knowledge. Motive.*—In an action to enjoin the defendant,
   from keeping a large quantity of bees on a village lot adjoining plain-
   tiff's dwelling, the issue is not as to the motives of defendants nor
   whether they had knowledge of any vicious propensities of the bees,
   but whether, under the conditions of things as then and before existing
   there was a nuisance.
4. *Same. Injunction.*—An injunction is properly awarded, where perman-
   ent relief is desirable, and other remedies inadequate.
5. *Same. Against whom.*—The owner of the bees and those who aid and
   abet him in keeping them may be enjoined.
6. *Costs. Equity.*—Costs, in equity cases, are discretionary.

Appeal from a judgment entered upon the decision of the
trial court.

The action was commenced May 15, 1886. In the com-
plaint it is alleged that the plaintiff and defendants reside
in the village of Lobart in Delaware county and live upon
and occupy small adjoining lots; that the plaintiff is the
owner in fee of his lot and has occupied it with his family
for a number of years and his dwelling is about sixty feet
from defendant's line; that the rear part of the premises
occupied by defendants is about forty feet wide, and for
several years the defendants have been collecting and hiv-
ing upon it about ninety swarms of bees, and upon premises

adjoining about fifty swarms more, all within 100 feet of plaintiff's premises, a large number being located close to plaintiff's line and near to his garden, yards and dwelling ; that during the spring and summer months the bees so kept by defendants greatly interfere with the quiet and proper enjoyment and possession of plaintiff's premises, driving him, his servants and guests, from his garden and grounds and stinging them, interfering with the enjoyment of his home and with his family while engaged in the performance of their domestic duties, soiling articles of clothing when exposed on his premises and making his dwelling and premises unfit for habitation and unsafe, constituting a nuisance, to plaintiff's damage of $1,500 ; that plaintiff has notified the defendants of the injuries and requested them to move the bees and abate the nuisance, which they do not do ; that plaintiff is sustaining an irreparable injury. Relief is asked that the defendants abate the nuisance and be restrained from continuing the same or locating their bees upon said premises in such a manner as to endanger or injure the plaintiff and for damages. The defendants answer separately, denying the nuisance and alleging among other things that the premises upon which the bees are kept are owned by Caroline D. Rich and that the defendant Stephen W. Rich, has from her a lease of that part upon which the bees are hived, and that defendant, Robert S. Rich, has no interest in the bees or in the land and has not exercised any control over them.

The action being at issue, it was noticed for trial and placed on the calendar of the Delaware special term, commencing September 6, 1887. A motion was then made by the defendant's attorney to strike the cause from the calendar and have it sent to the circuit court for trial by jury, on the ground that the issues were triable by jury, and thereupon the court ordered that the case be " stricken from the calender and sent to the next circuit court for trial of the issues therein."

The case came on for trial at the circuit and special term, commencing September 26, 1887, and a jury was empanelled. After some evidence was taken and a question made as to the character of the action, it was held by the court that the action was in equity and that the question, whether the acts of the defendants constituted a nuisance, was a question of fact to be passed upon by the jury in answer to an interrogatory to be submitted to them, and also the question of the amount of damages the plaintiff has suffered, if the jury find the existence of a nuisance, and that, upon those two questions of fact being found, it would be the duty of the court to decide the case as a case in equity. At the close of the evidence two questions were stated by the court, as follows:

*First.* Were the bees upon the premises of Mrs. Rich, as there kept, a nuisance at and before the spring of 1886?

*Second.* If you answer yes to the first question, what damages has the plaintiff suffered, by reason thereof, during the six years prior to May 13, 1886?

These questions were submitted to the jury; the answer to the first was yes, and to the second, six cents damages. Thereupon written requests for findings were presented by defendants, and the court made findings which, after reciting the findings of the jury, found as matter of fact that the plaintiff and the defendants reside in the village of Hobart, Delaware county, N. Y., and live upon, and occupy, adjoining premises in said village, being small village lots located on the main street in said village. That the plaintiff is, and long has been, the owner in fee of the said lot occupied by him, and for many years has lived thereon with his family.

That one Caroline D. Rich is the wife of the defendant, Robert S. Rich, and is the owner in fee of the said premises upon which the defendants reside. That the said Caroline D. Rich and the said defendants all live together upon the said premises, adjacent to the plaintiff. That the defendant, Stephen W. Rich, has a lease from the said Caroline D. Rich,

of the portion of the said premises in the rear of the dwelling-house occupied by the defendants.

That prior to the commencement of the action, and at all times since the year 1880, the said defendant, Stephen W. Rich, has been the owner of numerous hives and swarms of bees, which said bees have been, and are, kept in movable beehives, also the property of the said Stephen W. Rich. That the said Stephen W. Rich has continuously, during the said time, kept said bees in large numbers upon said premises, and has also, at times, placed a portion of said bees upon the premises of A. H. Grant, adjacent thereto, and within a few rods of plaintiff's premises and dwelling-house.

That the defendant, Robert S. Rich has been in the habit during said times of assisting, aiding and abetting the said defendant, Stephen W. Rich in the maintenance and keeping of said bees. That the keeping of bees as aforesaid by the defendant Stephen W. Rich constitutes a nuisance to the plaintiff. That the said bees have been in the habit of repeatedly coming in large numbers upon the premises of the plaintiff to his continuous and material annoyance and injury, and that the plaintiff by reason of said nuisance has, also, sustained pecuniary damages thereby in the sum of at least six cents.

That at different times before the commencement of the action, the plaintiff duly requested each of the said defendants to remove and abate the said nusiance, but the defendants each declined and refused to do so. That the said Caroline D. Rich has no care, custody or control of the said bees and beehives or ownership therein; and that the said beehives are not so fixed to the freehold as to constitute any part thereof.

As matter of law the court found, that the keeping of bees as aforesaid by the defendant, Stephen W. Rich constitued a nuisance.

That the defendant Robert S. Rich has served and assisted the said Stephen W. Rich in maintaining the said nuisance.

That the plaintiff has suffered material inconvenience and annoyance therefrom, and is entitled to recover against the defendants six cents as pecuniary damages therefor.

That the plaintiff is, also, entitled to a permanent injunction against the defendants, their agents, employees and servants, that they do refrain and desist from the keeping of bees upon the aforesaid premises in the village of Hobart and near to the plaintiff's premises; and that the defendant, Stephen W. Rich shall on or before January 1, 1888, remove from the said premises the bees kept by him, and shall altogether abate the said nuisance; and that judgment is hereby ordered in favor of the plaintiff accordingly, with costs against the defendant, Stephen W. Rich.

Judgment was entered in accordance with the findings, and an appeal taken by both defendants.

*Abram C. Crosby*, for appellants.

*F. R. & F. N. Gilbert*, for respondent.

MERWIN, J.—It is claimed by the defendants that their right of trial by jury has been infringed upon, upon the, theory that this is an action for a nuisance within section 968 of the Code, and that therefore the defendants had a right to a trial by jury as matter of right. The court of appeals is against this theory. In Cogswell *v.* N. Y., N. H. H. R. R. Co. (105 N. Y. 319), it was very distinctly stated that an action like the present one was not within section 968. And although the facts of that case did not apply the rule to the case of a defendant, still the rule was broadly enunciated, and should be followed by this court. It is to be observed that at the trial the main issues were in fact submitted to the jury, and that no request was made to have any other specific question submitted. The defendants did ask that the case be submitted to the jury as an action at law for trespass, and

that the jury be directed to render a general verdict, and that all the questions of fact be submitted to the jury for a general verdict.

These requests in their general form, were properly·overruled. Aside from the questions in fact submitted, there was but one other in regard to which there was much dispute, and that was whether the defendant, Robert S. Rich, aided and abetted the other defendant in the keeping of the bees.

As to this, the defendant Robert admitted that he assisted his son, the other defendant, to a certain extent, and that just prior to the commencement of the suit he claimed to own the premises. No costs or damages were awarded against him. We think there was no error in the form of the trial, unless the special term order of September sixth amounted to an adjudication that gave defendants more rights than they received. That order did not assume to state that all the issues, or what ones, should be submitted to a jury.

We must rather assume that, being sent to the circuit, it was left to the court there to try the case as it should then seem legal and proper. Very likely the decision in the Cogswell Case had not been published at the time the special term order was made, but was prior to the circuit. We think there was nothing in the special term order that made the course followed at the circuit irregular or improper.

It is further claimed by the defendants that this action is not maintainable inasmuch as the owner of the fee of the land upon which the nuisance is maintained is not a party defendant. That would probably be so, were this a law action brought under the provisions of the Revised Statutes continued by section 1660 of the Code. Brown v. Woodworth, 5 Barb. 550 ; Hutchins v. Smith, 63 Id. 251. But this being, according to the Cogswell Case, an equity action, the rules applicable to parties in equity actions are to be applied. The case related to articles of personal property

in which the owner of the fee had no interest. Her presence was not necessary to a complete determination of the controversy. Code, § 452. The defect, if it was one, appeared on the face of the complaint. No demurrer was taken nor is any defense of defect of parties set up in the answer. There was therefore a waiver so far as the defendants were concerned. Code, § 499. Although Mrs. Rich, the owner of the fee, might have been properly made a party defendant, the failure to do so is not, as the case stands, a defense.

Upon the merits, the main questions are whether the verdict of the jury that the bees as then kept were a nuisance is sustainable, and whether the injunction was proper.

Assuming the first question is reviewable here, about which there may be some doubt (Chapin v. Thompson, 23 Hun, 12 ; S. C. 89 N. Y. 270), it was peculiarly a matter for the jury. The evidence was somewhat conflicting, and diverse inferences were sought to be drawn.

The matter upon either side was fully presented. The identity of the bees was a matter for the jury. The issue was not as to the motives of defendants (Wood on Nuisances, § 572; 13 Wend. 261 ; 23 Barb. 444), nor whether they had knowledge of any vicious propensities of the bees, but whether, under the conditions of things as then and before existing, there was a nuisance. No fault is found with the law applicable to such cases as charged by the court.

We find no good reason for disturbing the verdict on the facts.

Was it a proper case for an injunction ? An injunction does not necessarily follow, but there must be such an injury as from its nature is not susceptible of being adequately compensated by damages at law, or such as from its continuance or permanent mischief must occasion a constantly recurring grievance, which cannot be otherwise prevented but by an injunction. 2 Story Eq., § 925 ; Davis v. Lambertson, 56 Barb. 480.

In High on Injunctions (2d ed., vol. 1, § 772) it is said the law may be regarded as settled that when a business, although lawful in itself, becomes obnoxious to neighboring dwellings and renders their enjoyment uncomfortable, whether by smoke, cinders, noise, offensive odors, noxious gases, or otherwise, the carrying on of such a business is a nuisance which equity will restrain. See Heeg *v.* Licht, 80 N. Y. 579 : Campbell *v.* Seaman, 63 Id. 568 ; Hutchins *v.* Smith, 63 Barb. 256.

In the Campbell Case, it is said to be immaterial that the injury is only occasional or to articles of luxury. No case is cited exactly like the present.

A large quantity of bees were kept upon a small village lot next to plaintiff's lot and dwelling.

At certain seasons, the plaintiff, in the use of his lot and dwelling, was according to the evidence on the part of the plaintiff, very seriously discommoded, and the comfortable enjoyment of the property greatly impaired. It was apparently a case calling for some permanent relief and very different from the cases of trespass cited by defendants.

But it is said that the damages of the plaintiff as indicated by the verdict, are trifling, and that a lawful and useful business is interfered with. The struggle was not over the amount of damages ; in fact the jury were told by the court that they would probably be satisfied with rendering a verdict for a very small amount. The real contest was as to whether the condition of things as then existing constituted a nuisance. The jury and the court both so found.

Apparently, the bees can be removed without material injury, to a locality where neighbors will not be affected, and the defendant, Stephen W. Rich, is, in fact, carrying on a similar business elsewhere upon farms.

Having in view the peculiar situation, and the inadequacy of any other remedy, we are inclined to the opinion that an injunction was properly awarded. No fault is found with the form of it except that it is against the defendant,

Robert S. Rich, as well as the other defendant. Still upon the evidence the court was authorized to find as it did find that the defendant, Robert, assisted, aided and abetted the other defendant in maintaining and keeping the bees, and if so, it was proper to include him in the injunction. Wood on Nuisances, § 787. The question of costs was in the discretion of the court.

Some further questions are raised in relation to rulings upon the reception or rejection of evidence. We have examined all about which any point is made, and find nothing that requires any special consideration or presents any substantial ground of error.

The judgment should be affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concur.