## WALL *v.* JONES *et al.*

*(Supreme Court, General Term, First Department. March 31, 1892.)*

INJURY TO EMPLOYE—NEGLIGENCE—EVIDENCE.

Plaintiff's intestate was killed by a falling brick while at work on a building in course of erection. Plaintiff alleged negligence in defendants, the contractors, in failing to cover the floor beams of the building, by reason of which the brick fell through, and in providing scaffolding of insufficient width, but there was no evidence that the brick fell from the scaffold, or whence it fell. *Held,* that a verdict was properly directed for defendants.

Exceptions from circuit court, New York county.

Action by Ellen Wall, administratrix of Thomas Breen, deceased, against B. H. Jones and another, to recover damages for the negligent killing of plaintiff's intestate. A verdict was directed for defendants, and plaintiff moves for a new trial on exceptions ordered to be heard in the first instance at the general term. Exceptions overruled.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

Charles J. Ridgway, for the motion. Frederick G. Gedney, opposed.

PER CURIAM. In July, 1889, the defendants were engaged in the erection of a building at Fourteenth street and Broadway, in the city of New York, and on the 13th of July the deceased was in the employ of the defendants, and at work upon said building, and while so employed was struck upon the

head by a brick which fell from the upper part of that building, and killed. The claim upon the part of the plaintiff was that the injury occurred because of the negligence of the defendants, and the manner in which the work of constructing the building was carried on, in that the scaffold upon which the masons were working was not of the proper width, and that there was no flooring over the floor beams which had been put in place upon the several stories of the building. The difficulty with the plaintiff's case is that there is no evidence whatever from whence the brick which fell and killed the plaintiff's intestate came. One witness says he supposes it came from the scaffold; another witness saw it falling from the sixth story; another says that he saw it falling from the wall upon the seventh story; and another that it came from the seventh story wall, and that he supposed the scaffold must have been overloaded, and one of the bricks came off the scaffold. This is all the evidence tending to show how the brick came to fall. For aught that appears, it may have been thrown down by one of the workmen, or it may have dropped from the hands of one of the workmen. There is nothing to show that the falling of the brick was caused by negligence upon the part of the defendants. Without this proof there was no evidence upon which the jury could find a verdict in favor of the plaintiff. Therefore it is not necessary to discuss the question as to whether, under any circumstances, the plaintiff could recover. The only hesitation that we had in coming to this conclusion arises from the fact that the learned judge who presided at the circuit ordered the exceptions taken to be heard in the first instance at the general term. The case seems to be so plain that we do not see how it was possible for the judge presiding at the circuit to have had any doubt as to the correctness of the ruling, such as would justify his ordering exceptions to be heard in the first instance at the general term. The exceptions should be overruled, and judgment ordered for the defendants, with costs.