HOGLE v. H. H. FRANKLIN MFG. CO.

(Supreme Court, Trial Term, Onondaga County. September 24, 1907.)

1. MASTER AND SERVANT—LIABILITY OF MASTER—TORTS OF SERVANT—TEST.

The test of the master's responsibility for the act of his servant is not whether the act was done according to instructions of the master, but whether it was done in the prosecution of the work that the servant was employed to do.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1217.]

2. SAME—BURDEN OF PROOF.

The burden of proof is on one seeking to recover from a master for a negligent act done through a servant to show that the servant was acting within the scope of his employment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1270.]

3. SAME.

Evidence, in an action by one injured in being struck with a piece of iron coming from defendant's factory, held not to support a finding that it was thrown by a servant acting within the scope of his employment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 1272.]

4. NUISANCE—HARBORING PERSONS SO AS TO CREATE NUISANCE.

A manufacturer cannot conduct its business, nor for a long time harbor persons on its premises, so as to create a nuisance.

**5. SAME.**

Where the damage done is the necessary consequence of carrying on defendant's business or incident to the business itself or the manner in which it is conducted, the law of negligence has no application, and the law of nuisance applies.

**6. SAME—PRIVATE NUISANCE DEFINED.**

Anything is a private nuisance done unlawfully or tortiously to the hurt or annoyance of the person or property of another.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Nuisance, § 1.]

Action by Mary Hogle against the H. H. Franklin Manufacturing Company. Verdict for plaintiff. Motion by defendant for a new trial under Code Civ. Proc. § 999. Granted.

Frank C. Sargent, for plaintiff.
White, Cheney, Shinaman & O'Neil, for defendant.

ROGERS, J. The plaintiff has obtained a verdict for $2,500 as damages for personal injuries alleged to have been occasioned by the negligence of the defendant by its servant or servants. The defendant now moves for a new trial on the minutes, pursuant to section 999 of the Code of Civil Procedure.

The plaintiff is a married woman, the wife of John G. Hogle, and they occupy a house on Geddes street, in the city of Syracuse; the lease running to the husband, from a Mr. James Doheny, the owner of the property. The lot on which the house stands is 32x100 feet. At the rear and adjoining, the defendant owns and occupies a parcel of land, on which is a five-story brick building, used for the manufacturing of automobiles, and in which a large number of laborers, mechanics, and operatives are employed. Each floor has windows overlooking the plaintiff's premises. The factory building stands ten feet from the line dividing the two properties. On the line is a board fence six feet high. The space between the fence and the defendant's building is not used for any purpose other than for the admission of light and air. The rear part of the Doheny lot is cultivated and used as a garden. At various times, from the spring of 1906 down to and including August 21st following, small bits of iron, such as nuts, ends of bolts, and the like, were found on the Doheny lot, and the inference is sought to be drawn that they were thrown from the defendant's building by the men employed there. Mr. Doheny called at the defendant's office, as also did Mr. Hogle, and made complaint of the supposed trespasses. Both were assured that the matter would be looked into and the mischief stopped. Thereupon the superintendent or manager of the defendant visited the various floors of the factory and the rooms whose windows faced the Doheny premises and warned the men against a continuance of said acts and threatened to discharge any man who should be guilty of their repetition. Notwithstanding these admonitions, the annoyance was continued, and on said 21st day of August the plaintiff, while at work in said garden, at a point 20 or 25 feet from the division fence, was struck on the shoulder by a piece of round iron about three inches long, three-fourths of an inch in diameter at the larger end, and tapering to one-fourth or one-half inch at the other end, having the appearance of being a

small crank. or lever. She says that it came from above and from the direction of the defendant's building. It caused a serious injury to the shoulder, practically disabling the arm, from which probably she will never recover. Prior to· plaintiff's injury, her son, a young lad, had been struck, also, but without serious result. There is no direct evidence that any of the pieces of iron mentioned came from the defendant's building, though the circumstances may justify that conclusion. · For the purpose of this memorandum, I will assume that the jury had a right to, and did so find. Still it must be admitted that there is no direct evidence identifying the person who threw the piece which struck the plaintiff. The case is equally barren of evi-. dence pointing out the man or men who did the prior throwing. On the facts stated, the plaintiff claims the defendant was guilty of negligence causing her injury and entitling her to compensation in damages, and the question presented is whether, in this action, she can recover.

The authorities bearing on the question of a master's liability for the act of his servant are numerous, and it seems to me have determined the one here presented.

"The test of the master's responsibility for the act of his servant is not whether the act was done according to instructions of the master to the servant, but whether it is done in the prosecution of the business that the servant was employed by the master to do. If the owner of a building employs a servant to remove the roof from his house, and directs him to throw the materials upon his lot where no one would be endangered, and the servant, disregarding this direction, should carelessly ·throw it into the street, causing injury to a passenger, the master would be responsible therefor, although done in violation of his instructions, because it was done in the business of the master. But should the servant have some ·purpose of his own, and intentionally throw· material upon a passenger, the master would not be responsible for the injury, because it would not be done in his business, but a departure therefrom by the servant to· effect some purpose of his own." Per Grover, J., in Cosgrove v. Ogden, 49 N. Y. 255, 257, 10 Am. Rep. 361.

A text-book writer, often quoted by the courts with approval, says:

"The simple test is whether they were acts within the scope of his employment; not whether they were done while prosecuting the master's business, but whether they were done by the servant in violation thereof, and were such as may fairly be said to have been authorized by him. By authorize is not meant authority expressly conferred, but whether the act was such as was incident to the performance of the duties intrusted to him ·by the master, even though in opposition to his express and positive orders." Wood on Master & Servant (2d Ed.) § 307.

To hold the master liable, it must appear that the act of the servant complained of was done in the prosecution of the master's business. Meehan v. Morewood, 52 Hun, 566, 5 N. Y. Supp. .710. The inquiry is whether the servant's act is in the course of his employment, or outside of it, to accomplish an .individual purpose foreign to his authority and beyond it. Grant v. Singer Mfg. Co., 190 Mass. 489, 77 N. E. 480, 6 L. R. A. (N. S.) 567; McCarthy v. Timmins, 178 Mass. 378, 59 N. E. 1038. The servant must do the act in the master's business, and within its scope. That it was done while employed is not enough. Benton v. James Hill Mfg. Co., 26 R. I. 192, 58 Atl. 664; Smith v. N. Y. C. & H. R. R. Co., 78 Hun, 524, 29 N. Y. Supp. 540; Collins

v. Butler, 179 N. Y. 156, 71 N. E. 746. While the question is ordinarily one for the determination of a jury (Id.), there must be some evidence from which the necessary fact may be found.

The affirmative being with the plaintiff, she must bear the burden of proof. Wall v. Jones, 18 N. Y. Supp. 674, 63 Hun, 632; Van-Orden v. Acken, 28 App. Div. 160, 50 N. Y. Supp. 843; Smith v. N. Y. C. & H. R. R. Co., supra. If the maxim, "The thing speaks for itself," is to be invoked as the plaintiff's counsel seems to contend (Hogan v. Manhattan El. R. R. Co., 149 N. Y. 23, 43 N. E. 403), it speaks against his contention. As already stated, the space between the defendant's building and the line fence was not used for the deposit of scrap. The employés had no duties there pertaining to the getting rid of refuse from the several rooms of the factory, which they might have performed in a careless manner and thus reached beyond the fence. Moreover, this particular piece of iron must have been thrown a distance of 25 or 30 feet horizontally, indicating that the person who did it exerted considerable force, and threw it intentionally, and for his own mischievous purpose. As it is not known who that person was, whether a servant or a chance visitor, nor why he did it, except that it was the deliberate conscious act of a depraved mind, a verdict finding that it was done by a servant, within the scope of his employment, cannot be sustained. As an action for negligence, the case fails.

Nevertheless, the premises from which the plaintiff's annoyance and injuries came are the property and under the control of the defendant. Clearly, it should not conduct its business, nor for a long time harbor persons thereon, so as to create a nuisance to the detriment of the adjoining property and its occupants (Hay v. Cohoes Co., 2 N. Y. 159, 51 Am. Dec. 279; Dunsbach v. Hollister, 49 Hun, 352, 2 N. Y. Supp. 94; Lamming v. Galusha, 135 N. Y. 239, 31 N. E. 1024; Wilmot v. Bell, 76 App. Div. 252, 78 N. Y. Supp. 591; Olmstead v. Rich, 6 N. Y. Supp. 826, 53 Hun, 638), and it may be that the plaintiff has a remedy for the wrong which has been done her; but not under this complaint, for "where the damage is the necessary consequence of just what the defendant is doing, or is incident to the business itself or the manner in which it is conducted, the law of negligence has no application, and the law of nuisance applies." Per Brown, J., in Bohan v. Port Jervis Gaslight Co., 122 N. Y. 18, 26, 25 N. E. 246, 9 L. R. A. 711. See, also, Wittman v. City of New York, 80 App. Div. 585, 80 N. Y. Supp. 1022. Anything is a private nuisance done unlawfully or tortiously to the hurt or annoyance of the person, as well as the lands, tenements, and hereditaments of another. Per Folger, J., in Swords v. Edgar, 59 N. Y. 28, 34, 17 Am. Rep. 295. See, also, 5 Words & Phrases, 4855. It seems to me the acts complained of come within this definition.

The motion for a new trial is granted. The defendant's attorneys may submit a proper order to the plaintiff's attorney for approval as to form, and then to me for signature.