[Crim. No. 4157. In Bank.—July 26, 1938.]

In the Matter of the Application of EDNA ELLIS for a Writ of Habeas Corpus.

S. S. Hahn, W. O. Graf and S. Rippey for Petitioner.

Ray L. Chesebro, City Attorney, Newton J. Kendall, Assistant City Attorney, and John L. Bland and George William Adams, Deputies City Attorney, for Respondent.

SHENK, J.—The petitioner seeks her release from custody in this proceeding in *habeas corpus*. She was charged and convicted of keeping bees on her home place in the city of Los Angeles contrary to the provisions of a city ordinance. She attacks the constitutionality of the ordinance.

The facts are stipulated. The petitioner owns five lots contiguous to her home at 4041½ Sequoia Street in the city of Los Angeles. The lots have a frontage of fifty feet each on Sequoia Street and a depth of 147.68. They abut upon

lots of similar size which are improved with residences. The lots owned by the petitioner as well as other lots on Sequoia Street are improved with residences. The neighborhood is built up with the exception of an occasional vacant lot. In the rear half of one of her lots the petitioner keeps several hives of bees which she alleges are "maintained in a sanitary condition, are neither vicious nor dangerous, and are not the source of offensive smells or odors". She also alleges that there are fruit trees and flowers growing upon her property.

The petitioner's property is near the northerly boundary of a general district which is about one-half mile in width and extends southerly for about two miles. Beyond its westerly boundary is the Los Angeles River and beyond that is Griffith Park, the nearest boundary of which is approximately a half mile from the petitioner's property.

The city ordinance under which the petitioner was convicted provides: "No person shall keep any bees in or upon any premises in this City. Nothing in this section shall be deemed or construed to prohibit the keeping of bees in a hive or box located and kept within a school house for the purpose of study or observation, or to prohibit the keeping of bees within that certain territory annexed to this city on May 22, 1915, and known as the 'San Fernando District', and that certain territory annexed to this city on June 14, 1916, and known as the 'Westgate District'."

This ordinance is an outgrowth of a prohibition against the keeping of bees enacted by the city council in 1905 pursuant to the power conferred by statutes of 1877–78, page 642, and the first freeholders charter of the city adopted in 1889. The statute referred to expressly included the power to regulate or prohibit the "keeping of bees", specified as one of the subjects of police regulation which included also gambling houses, bawdy houses, and "any and all obnoxious, offensive, immoral, indecent or disreputable places of business or practice". As new territory was annexed to the city of Los Angeles, exceptions were effected by ordinance as to the more rural communities, but as these communities became urban in character, they were included within the prohibition. Thus in 1917 an amended ordinance excluded from its provisions the Palms, San Fernando Valley, Bairdstown and Westgate additions to the city. In 1930 the Bairdstown addition was included within the scope of the ordinance, and in 1931 the Palms. So that when the return herein was made there were

but two exceptions, San Fernando Valley and Westgate additions, within the corporate limits of the city of Los Angeles, where beekeeping was not prohibited. It is conceded that the petitioner commenced the keeping of bees in the section wherein she is a resident after the adoption of the ordinance prohibiting beekeeping in that locality.

■ The propriety of regulating the use to be made of property in the interest of the public health and welfare, so long as the attempted regulation is not unreasonable or arbitrary, may not be questioned. (*Pacific Palisades Assn.* v. *City of Huntington Beach*, 196 Cal. 211 [237 Pac. 538, 40 A. L. R. 782]; *Ex parte Hadacheck*, 165 Cal. 416 [132 Pac. 584, L. R. A. 1916B, 1248]; *Hadacheck* v. *Sebastian*, 239 U. S. 394 [36 Sup. Ct. 143, 60 L. Ed. 348, Ann. Cas. 1917B, 927].) The petitioner questions the reasonableness of the regulation in view of the fact that in the San Fernando Valley and in the Westgate addition there are some sections which are residential and others which are industrial in character, and she contends that to permit beekeeping in such sections and to prohibit it in the area where the petitioner resides is an unreasonable, arbitrary and unlawful discrimination in the exercise of the police power.

■ It would serve no purpose in this inquiry to dwell at length upon the extent and benefits of the bee industry in this state. The petitioner lays great stress on those advantages generally and stresses particularly the benefits to the residents in her community resulting from the cross-pollination of the fruit blossoms and flowers in addition to the commercial value of the bees. These advantages may be conceded. Nevertheless if there is still a reasonable basis for the exercise of the police power in prohibiting beekeeping within the city limits, and in excepting from that prohibition only the districts named, the ordinance will be upheld as a constitutional exercise of the power.

■ The stipulation of facts shows that, although in San Fernando Valley there have developed several densely populated districts, the greater part thereof is devoted to farming, gardening, fruit raising and ranching; that the portion of Westgate addition south of Beverly and Wilshire Boulevards to the easterly line of the addition has become densely populated, but that all of that addition west and north of Beverly and Wilshire Boulevards is rugged country, mainly unin-

habited. ██ The district in which the petitioner resides does not possess generally the characteristics of a farming or agricultural community. It is devoted solely to residence purposes, with the possible exception of some commercial, business or industrial enterprises. No contention can be made here such as was made and sustained in the cases of *Pacific Palisades Assn.* v. *City of Huntington Beach, supra, Curtis* v. *City of Los Angeles,* 172 Cal. 230 [156 Pac. 462], and *In re Smith,* 143 Cal. 368 [77 Pac. 180], to the effect that the ordinance was enacted under the guise of regulation and segregation but was in fact to insure a monopoly to a similar enterprise in an unrestricted district, and therefore oppressive and unreasonable. The cases just cited, as well as others, recognize that every intendment is in support of the lawfulness of the exercise of the police power and that "it is not the province of the courts, except in clear cases, to interfere with the exercise of that authority". (*Pacific Palisades Assn.* v. *City of Huntington Beach, supra,* p. 217.) The pleadings and stipulation of facts in the case at bar indicate that the question whether beekeeping may be pursued at all in a strictly residential district or within a city's confines is a question which is at least debatable and therefore one for the legislative body to determine. There is sufficient recognition in the decided cases that bees may become a nuisance in residential areas. (*Olmstead* v. *Rich,* 53 Hun, 638 [6 N. Y. Supp. 826] ; *Town of Arkadelphia* v. *Clark,* 52 Ark. 23 [11 S. W. 957, 20 Am. St. Rep. 154].)

The Hadacheck decisions, above cited, sufficiently demonstrate that the facts appearing herein justify the ordinance prohibiting beekeeping within the city except in the designated areas, and that the ordinance is not unconstitutional for any reason. (See, also, *Brown* v. *City of Los Angeles,* 183 Cal. 783 [192 Pac. 716] ; *Reiman* v. *Little Rock,* 237 U. S. 171, 176 [35 Sup. Ct. 511, 59 L. Ed. 900].)

The writit is discharged and the petitioner remanded.      '

Curtis, J., Edmonds, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.