## Holden et ux. v. Lewis et ux.

*William Taylor, Jr.*, for plaintiffs.

*Bruce W. Long*, for defendants.

SWENEY, J., January 7, 1946.—

### Statement of pleadings

Plaintiffs, Thomas A. Holden and Anna Louise Holden, his wife, filed a bill in equity for an injunction restraining defendants, George R. Lewis and Elizabeth Lewis, his wife, from continuing the keeping of bees on premises occupied by them, and situate in Newtown Township, this county.

The bill alleges that the parties to the action reside on Mulberry Lane, Valley View Acres, Newtown Township, this county; that that section of the township has been developed as a residential district, and is built up with dwellings; that defendants, or one of them, keep and maintain hives of bees on their premises in such numbers and in such proximity to

the home of plaintiffs, and the homes of other residents in the community, that the bees fly to and from the premises of plaintiffs; that the bees sting, menace and harass plaintiffs and their minor children, and sting and menace the owners and occupiers of adjacent properties; that the keeping of bees and the consequent annoyance, inconvenience and harm caused to plaintiffs and their children constitutes a nuisance; that in consequence of the foregoing, plaintiffs are deprived of the free and reasonable use and enjoyment of their home and property; that plaintiffs are without an adequate remedy at law.*

Defendants filed an answer in which they admit that one of them, namely, George R. Lewis, keeps and maintains one hive of bees on defendants' premises, the number of bees in said hive varying from time to time so that it is impossible to give the exact number in said hive. The answer denies that the bees kept and maintained by George R. Lewis sting, menace and harass plaintiffs and their minor children, or that they sting and menace the owners and occupants of adjacent properties; denies that the keeping of the bees, and the alleged consequent annoyance, inconvenience and harm caused to plaintiffs and their children, constitute a nuisance; and denies that plaintiffs are deprived of the free and reasonable use of their home and property by reason of the bees kept and maintained by George R. Lewis.

On September 21, 1945, a hearing was held before the writer of this adjudication, and the testimony has been transcribed and filed of record.

---

* The Rules of Equity Practice provide as follows: "The combination clause, the interrogatories, the allegation of a want of remedy at law, and all other formal averments, must be omitted": Rule 34. In Weir v. Potter Title and Mortgage Guarantee Co., 323 Pa. 212, the Court said at p. 217: "These rules are mandatory."

The single issue raised by the pleadings is: Does the maintenance of the bees by defendants, or by defendant, George R. Lewis, alone, on defendants' premises, constitute a nuisance?

From the admissions in the pleadings and the evidence taken at the hearing, we make the following

### Findings of fact

1. Plaintiffs are husband and wife, and reside at 4 Mulberry Lane, Valley View Acres, Newtown Township, Delaware County, Pennsylvania.

2. Defendants are husband and wife, and reside at 12 Mulberry Lane, Valley View Acres, Newtown Township, Delaware County, Pennsylvania.

3. The section of the township where the parties to this action reside has been developed as a residential district. Mulberry Lane, Valley View Acres, is a strictly suburban residential development, composed of single houses located on lots having a frontage of 65 feet on Mulberry Lane, and a depth of 112 feet, with but one house to a lot.

4. The husband defendant keeps and maintains a hive of bees in the back yard of the premises where defendants reside. The distance from his hive to the nearest point on plaintiff's premises is about 255 feet.

5. Bee hives are kept and maintained by other persons in the neighborhood. One hive is located at a distance of about 600 feet from plaintiff's residence. Another resident in the community maintains nine hives of bees approximately two squares from plaintiff's residence.

6. In addition to the bees kept by residents in the community, there are the usual number of hornets, wasps and bumble bees ordinarily found in the suburbs.

7. On occasion, bees, hornets, wasps and other insects fly over and about the yards and lawns of the residents, and sting, harass and annoy persons, es-

pecially small children. Very small children are sometimes frightened, and their parents are reluctant to leave them outdoors. On rare occasions, older persons are forced to leave their lawns and yards and go indoors.

### Discussion

The keeping of bees is not a nuisance per se. The keeping of an unreasonable number of bees in an unreasonable place may be a nuisance: Town of Arkadelphia v. Clark, 52 Ark. 23; Allman v. Rexer, 21 D. & C. 431. However, their mere existence does not make them such.

"The difference between a business, which, no matter how it is conducted, is a nuisance per se as to certain location and surrounding, and a business which is being so conducted as to become a nuisance, lies in the proof, not in the remedy. In the former, the right to relief is established by averment and proof of the mere act; in the other, proof of the act and its consequences is necessary: . . ." Pennsylvania Co. v. Sun Co., 290 Pa. 404, 410.

It was incumbent on the plaintiffs, therefore, to prove that they were subjected to *unreasonable* inconvenience, hurt and annoyance as a result of *defendants'* keeping of their bees. After several readings of the testimony, we are unable to find that plaintiffs have met this burden of proof. The evidence undoubtedly supports the finding that bees, hornets, wasps, yellow jackets and other insects do invade the properties of plaintiffs and others in the neighborhood; do sometimes sting and otherwise annoy persons therein, particularly small children; and do occasion some degree of fright in the children, and some degree of anxiety on the part of parents for their children. All of this may be conceded. But we are unable to find from the evidence that the husband defendant's bees are solely, or even partly, responsible

for the discomfort, annoyance and inconvenience of which plaintiffs and their witnesses complain. Certainly, the husband defendant cannot be charged with liability for the actions of hornets and wasps. The husband plaintiff testified to six occasions, during the past two years, when his children were stung. He freely admitted that he had seen yellow jackets, hornets and wasps around his property; and, when asked if he knew what stung the children, testified, "In some cases, we know they were wasps." Nor is the husband defendant responsible for the conduct of bees kept by other residents in the community. Under cross-examination, the husband plaintiff testified as follows:

"Q. You can't say of your own knowledge whether on any of these six occasions, your children were stung by a bee from Mr. Lewis' hive?

"A. No. That's impossible. Mr. Lewis, himself, would say bees don't carry signs."

Notwithstanding this testimony, plaintiffs' counsel asks us to find as a fact that Mr. Lewis's bees stung plaintiff's children. It may be admitted that the identity of a particular bee is difficult to establish. Nevertheless, difficulty of proof does not dispense with the necessity for it. The husband plaintiff's testimony is confused and contradictory. At one place, he testified that he was never "personally" disturbed by the bees. In the next breath, he stated: "The bees have stung me, and I wasn't bothering the bees."

Much of the evidence adduced by plaintiffs is of no value whatever. For the most part, it consists of the witnesses' bare conclusion that the bees that did the stinging belonged to defendants. For example, the entire direct examination of Mrs. Shearn, on the merits of the case, is as follows:

"Q. Have your sons or have they not ever had any encounters with these bees?

"A. Yes. They have been stung several times this year and last year."

There is no way of knowing that this witness understood by "these bees", whether the bees of defendants, the bees of other persons in the vicinity, or the bees belonging to no particular owner but which are usually found in any suburban area. If the witness meant the bees of this husband defendant, then her testimony that it was his bees which stung her sons was nothing more than a conclusion. No attempt whatsoever was made to trace the flight of the particular bee or bees involved. If it is claimed that the case was difficult of proof, then the case was one which required corresponding care in its preparation and presentation.

The testimony of Mrs. Shearn was typical of most of plaintiffs' evidence. Plaintiffs seem to rely upon several circumstances established by the evidence. In the first place, they point out that they were not bothered by stingings to any extent until defendants acquired their bees. They argue, therefore, that it must be defendants' bees that are responsible for their distress and discomfort. This argument loses whatever force it might otherwise have had in view of the husband plaintiff's admission that his children, on several of the six occasions when they were stung, were stung by wasps. Furthermore, when we consider that there are at least 10 other hives within two squares of plaintiff's home, it imposes an intolerable strain on human credulity to believe that only those bees kept by the husband defendant are the culprits.

Next, plaintiffs rely upon what may be called the physical characteristics of the neighborhood. The rear of the properties on Mulberry Lane backs up to the rear of the properties on Valley View Road, the next street over. The area composed of the back yards of the properties on these two streets forms

what some of the witnesses called an "amphitheatre". It is argued that Mr. Lewis's bees fly up and down this area-way between the barriers formed by the houses on the two streets; and that neither his bees can get out of, nor other bees enter, this space. It so happens that the ten hives of bees owned by others than Mr. Lewis are outside of the "amphitheatre". We believe that this circumstance is altogether insufficient to support any inference favorable to plaintiffs. The houses on Mulberry Lane and on Valley View Road do not occupy the entire width of the lot; there is considerable space between each house. There is, so far as the evidence discloses, nothing to prevent bees from flying over the houses, if they so will. We do not believe that bees in their flight are circumscribed by any such limitations as plaintiffs suggest. Freedom of movement seems to us to be one of their most pronounced characteristics, along with their indefatigable industry.

Plaintiffs produced testimony to show that in June 1945 a swarm of bees alighted on their premises. Whether or not these bees stung plaintiff's children, or one of them, is not altogether clear. At any rate, the swarm was removed, with Mrs. Holden's permission, by Mr. Lewis. The wife plaintiff testified that Mr. Lewis admitted at that time that the bees were from his hive. Mr. Lewis denied making any such admission. Even conceding that the testimony will support a finding that defendants' bees did swarm on plaintiff's premises on this occasion, plaintiffs have not established their right to an injunction. Equity will act only where the evidence shows repeated, constantly recurring trespasses: Stewart and Foltz's Appeal, 56 Pa. 413.

While it may be that the evidence discloses that plaintiffs, and others in the neighborhood, are subjected to a greater degree of annoyance and incon-

venience from bees than is usual in communities of this rural character, we cannot find that plaintiffs have shown that defendants, or either of them, are responsible for this condition. Plaintiffs have failed to meet the burden of proof resting upon them.

"The burden of proof resting upon plaintiffs in civil actions cannot be met by conjectures. The phrase 'burden of proof' means exactly what it says. There is a close relationship in logic between the quality of proof required in criminal cases and that required in civil cases. The difference is in the degree of its cogency. In *both* classes of cases *proof* is required of the party on whom is the burden of establishing the truth of the basic proposition essential to recovery. Mere conjecture or guesses do not supply this proof. Circumstantial evidence is legal evidence in both classes of cases, but just as in a *criminal* case 'the evidence of facts and circumstances must be such as to exclude to a moral certainty, every hypothesis but that of guilt of the offense imputed' (Com. v. Benz, 318 Pa. 465, 472, 178 A. 390), so in a *civil* case the evidence of facts and circumstances on which plaintiff relies and the inferences logically deducible therefrom, must so preponderate in favor of the basic proposition he is seeking to establish as to exclude any equally well supported belief in any inconsistent proposition.": DeReeder et al. v. Travelers Insurance Co., 329 Pa. 328, 333.

Defendants' counsel expended considerable effort to show that his clients were not negligent in maintaining their bees. This should not have been done. The question of negligence was completely irrelevant. The bill charged defendants with maintaining a nuisance. It did not charge negligence. As to the distinction between nuisance, negligence and trespass, see Kramer v. Pittsburgh Coal Co., 341 Pa. 379.

*Conclusions of law*

1. The court has jurisdiction of the parties and the subject matter of this suit.

2. The bill should be dismissed with costs on plaintiffs.

*Decree nisi.*

And now, January 7, 1946, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

1. That the bill of complaint be, and the same is, hereby dismissed.

2. That plaintiffs shall pay the costs of these proceedings.

*Opinion sur exceptions*

SWENEY, J. April 4, 1946.—Plaintiffs filed exceptions to the adjudication of the chancellor and the exceptions have been argued before the court en banc and are now ready for an opinion.

Plaintiffs filed a bill in equity to restrain defendants from keeping bees on their property in Newtown Township, this county; the bill alleged that the parties lived in a newly developed residential district; that defendants were keeping bees; that the bees had stung, menaced and harassed plaintiffs, their children and their neighbors; that the keeping of the bees constituted a nuisance and deprived plaintiffs of the rightful use of their property.

Upon answer filed, testimony was heard and the chancellor, on January 7, 1946, filed his findings of fact, conclusions of law and decree nisi.

Plaintiffs excepted to the decree nisi, and the failure of the chancellor to find plaintiffs' fifth, sixth, seventh and eighth requests for finding of fact and plaintiffs' first request for a conclusion of law.

Plaintiffs' fifth request for finding of fact was:

"The bees fly over and about the yards of the adjacent property owners, whose houses, on Valley View Road and Mulberry Lane, are so arranged that they form a kind of amphitheatre about the land comprising their respective rear lawns."

Plaintiffs' sixth request for finding of fact was:

"Within this area defendants' bees sting, annoy and frighten the neighbors, especially the small children, who on numerous occasions, since the hive has been located in defendants' yard, have been stung. Owing to this condition, plaintiffs have been obliged to give up their practice of having their four-year-old daughter rest on a cot in the yard, pursuant to medical advice."

Plaintiffs' seventh request for finding of fact was:

"With virtually no inconvenience to himself or detriment to the bees, defendant could remove the hive to some other location sufficiently remote to end the annoyance and inconvenience now occasioned to the neighbors by having the bees on defendants' land and within the semi-enclosure before referred to."

Plaintiffs' eighth request for finding of fact was:

"The hive might either be taken back to the Ardlinger orchard, where it previously was kept, or it might be taken to the orchard of the Dunwoody Home where the bees would serve a useful purpose in the pollination of the trees. Both places are readily accessible to defendant and sufficiently removed to end the vexation complained of."

Plaintiffs' request for conclusion of law was:

"Under the circumstances of this case, it is unreasonable for defendant to keep his hive of bees in the location where he does, namely, his back yard, when, with slight inconvenience to himself, defendant by removing the hive to another location, could continue to keep bees without annoying the neighbors."

From these requests, it is apparent that plaintiffs feel that their testimony has shown (1) that the defendant husband's bees are confined in an amphitheatre; (2) that plaintiffs, their children and their neighbors have been stung and frightened thereby; (3) that the bees can be removed to one of two neighboring orchards, without much inconvenience to the defendant husband; and that the necessary legal conclusion to be drawn is that the defendant husband is unreasonable in not moving the bees.

As the chancellor pointed out in his adjudication, this is an action to restrain a nuisance; there is no allegation of negligence; and, it is incumbent upon plaintiffs to show that they were subjected to *unreasonable* inconvenience, hurt and annoyances as a result of *defendants'* keeping of their bees. We do not feel that plaintiffs have proved anything beyond the fact that certain people in their neighborhood have been stung by bees, hornets, wasps and yellow jackets and, this being the fact, we cannot find the facts or reach the conclusion of law which plaintiffs request.

Plaintiffs' exception one is dismissed, because we are convinced that the decree nisi should be made final. Plaintiffs' exceptions two, three, four and five are dismissed because they are requests for findings of fact which are unsupported by the testimony. Plaintiffs' exception six is dismissed, because it requests a conclusion of law to be drawn, which is not based on the facts of this case and is not supported by the law.

### Final decree

And now, April 4, 1946, it is ordered, adjudged and decreed as follows:

1. That the bill of complaint be, and the same is hereby, dismissed.

2. That plaintiffs shall pay the costs of these proceedings.