314 P.2d 241]

## Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 3647.   July 22, 1957.]

## THE PEOPLE, Respondent, v. EDMUND B. KASOLD, Appellant.

( 891 )

Thomasset, Mathews & Forn for Appellant.

Roger Arnebergh, City Attorney (Los Angeles), Donald M. Redwine, Assistant City Attorney, and Philip E. Grey, Deputy City Attorney, for Respondent.

SWAIN, Acting P. J.—Appellant was convicted of keeping bees in an R-1 zone in violation of subdivision (A) of section 12.08 of the Los Angeles Municipal Code. That section sets forth the only purposes for which land in an R-1 zone may be used, among which are: "the raising of poultry, rabbits and chinchillas and the keeping of domestic animals in conjunction with the residential use of a lot . . .". █ Appellant claims that his bees are domestic animals within the meaning of the section in question. His position is not well taken although honey bees are close to the dividing line between wild and domestic animals.

"Bees are ferae naturae [citations] . . . But it has been said that bees, while generally classed as ferae naturae, are so useful and common as to be all but domesticated. *Parsons* v. *Manser* (1903), 119 Iowa 88 [62 L.R.A. 132, 97 Am.St.Rep. 283, 93 N.W. 86]. And in another case it was said that, although it may be proper still to class the bee among animals ferae naturae, it must nevertheless be regarded as coming very near the dividing line [citation]." 39 A.L.R. 353.

That bees are not fully domesticated appears from the following: "A qualified property of owner of a swarm of bees, which flies from the hive, continues so long as he in person or by agent can keep them in sight and possesses the power to pursue them.—. . . 'Bees are wild by nature; and so, if a swarm alight on your tree, it is not to be considered yours, until you have hived it, any more than the birds which build their nests there; and hence, if it be hived by another, it becomes his property . . . A swarm which has flown from your hive is considered yours as long as it is in your sight, and not difficult to be pursued; otherwise, it belongs to the next person who takes it.'—Justinian Corpus Juris Civilis, quoted in *Brown* v. *Eckes*, 160 N.Y.S. 489, 491." 3 C.J.S. 1089 (note 59).

This is the law in California: "Animals wild by nature are the subjects of ownership, while living, only when on the

land of the person claiming them, or when tamed, or taken and held in possession, or disabled and immediately pursued." Civil Code, section 656.

■ It is true that in dealing with injuries by bees, courts have refused to follow the absolute liability rule applicable to damage done by wild animals and have held that the plaintiff must prove negligence on the part of the defendant. See 39 A.L.R. 360 to 363. This rule brings the bees closer to the dividing line between wild and domestic animals but the rule stated prior to that excludes them from the class of domestic animals. ■ The owner of a domestic animal does not lose his ownership thereof because the animal leaves the premises of the owner.

Appellant relies heavily on *Lenk* v. *Spezia* (1949), 95 Cal. App.2d 296, which at page 301 [213 P.2d 47] says: "It appears that the law with respect to liability for negligently causing the death of or injury to animals also applies to bees when they have become domesticated." Despite the use of the word "domesticated" the court merely held that bees in possession or control of the owner are property and that the rules applicable to injuries to domestic animals apply to injuries to bees.

■ The purpose of the city council in enacting the section in question must also be considered. It is obvious that the council had in mind the possibility of injury to people and animals from keeping bees in a residential district. In a habeas corpus case, which held valid an ordinance of the city of Los Angeles prohibiting the keeping of bees in certain districts, the court said: "There is sufficient recognition in the decided cases that bees may become a nuisance in residential areas. [Citations.]" *In re Ellis* (1938), 11 Cal.2d 571, 575 [81 P.2d 911]. This legislative intent is also indicated by section 34.15 of the ordinance in question which, in certain zones where bees are permitted, puts restrictions as to the distances between the bee-hives and dwelling houses. It provides: "No person shall establish or maintain any hive or box where bees are kept, or keep any bees on the premises within three hundred (300) feet of any dwelling (except the dwelling of the owner of such bees or within one hundred (100) feet of any exterior boundary of the property on which the hive or box is located) except:" [exceptions not copied].

The judgment is affirmed.

Kauffman, J. concurred.