152 So.2d 736 (1963)
Dorothy FERREIRA and Clyde Ferreira, Appellants,
v.
Charles D'ASARO and Nash D'Asaro, Appellees.
No. 62-653.
District Court of Appeal of Florida. Third District.
May 7, 1963.
Talburt, Paxton & Kubicki and Oscar A. White, Miami, for appellants.
Blackwell, Walker & Gray and James E. Tribble; Ernest A. Roth, Miami, for appellees.
Before CARROLL, BARKDULL and HENDRY, JJ.
CARROLL, Judge.
The appellant Dorothy Ferreira sued appellees for damages for injuries from multiple bee stings. Her husband joined and sought derivative damages for her medical expenses and for loss of services and consortium. The question on appeal is whether plaintiffs stated a cause of action.
The original complaint alleged the keeping of the bees by defendants, with knowledge of their vicious propensities, and the injury of Dorothy Ferreira by them. The complaint was dismissed on defendants' motion. An amended complaint was filed which also proceeded on common law liability for injury by domestic animals, alleging scienter. While a motion to dismiss that complaint was pending, plaintiffs obtained leave and filed their second amended complaint which charged the defendants with negligence (1) by keeping the bees in proximity to plaintiffs' property and residence, (2) by failure to properly control *737 the bees, having knowledge of their propensity to inflict injury, and (3) by failure to control or contain them when they became angered and aroused to violence. Therein it was alleged defendants maintained seven hives of bees on a vacant lot, close to plaintiffs' property in "a heavily populated residential area"; that the hives were so placed that one was less than five feet from the plaintiffs' property line and was 31 feet from the rear door of the plaintiffs' residence, and some 12 feet from where plaintiffs customarily tied their dog; that a swarm of the bees attacked the dog on plaintiffs' property; that when plaintiff Dorothy Ferreira went to the dog's rescue she was stung by a large number of the bees. A second count charged that such keeping and handling of the bees constituted a nuisance. Motions of the defendants to dismiss the second amended complaint for failure to state a cause of action were granted, and the cause was dismissed with prejudice. Plaintiffs appealed and assigned as error the dismissal of the original and second amended complaints.
The liability of an owner for injury inflicted by bees is for negligence in the location and manner of keeping them, and not on the basis of the common law liability for keeping wild animals.[1] See Loftin v. McCrainie, Fla. 1950, 47 So.2d 298; 2 Am.Jur., Animals, § 52; 4 Am.Jur.2d, Animals, § 102; 3 C.J.S. Animals § 149; 39 A.L.R. 352, 360-364. Cf. Ferguson v. Gangwer, 140 Fla. 704, 192 So. 196. In 2 Am.Jur., Animals, § 52, supra, it is said:
"The rule that the owner or keeper of wild animals is absolutely liable for injuries by them does not apply to an owner of bees; such owner is liable only for injuries resulting from his negligence. The owner of bees who has notice of the vicious character of such bees in attacking animals is liable for the damages resulting therefrom where he places the bees near a place where he knows such animals will be used."
In Loftin v. McCrainie, supra, the Florida Supreme Court, quoting from 3 C.J.S. Animals § 145, said:
"* * * `The owner or keeper of a domestic animal is bound to take notice of the general propensities of the class to which it belongs, and also of any particular propensities peculiar to the animal itself of which he has knowledge or is put on notice; and in so far as such propensities are of a nature likely to cause injury he must exercise reasonable care to guard against them and to prevent injuries which are reasonably to be anticipated from them.' * * *"
An owner may so use his property as to constitute a nuisance. In the case of Knowles v. Central Allapattae Properties, Inc., 145 Fla. 123, 198 So. 819, 822, the Supreme Court of Florida, quoting from Mercer v. Keynton, 121 Fla. 87, 163 So. 411, 413, said:
"`An owner or occupant of property must use it in a way that will not be a nuisance to other owners and occupants in the same community. Anything which annoys or disturbs one in the free use, possession, or enjoyment of his property or which renders its ordinary use or occupation physically uncomfortable may become a nuisance and may be restrained. * * *'"
Damages may be awarded for loss or injury proximately resulting from maintenance of a nuisance. See City of Lakeland v. Douglass, 143 Fla 771, 197 So. 467; Ford v. *738 Dania Lumber & Supply Co., Inc., 150 Fla. 535, 7 So.2d 594. Keeping bees in a manner to interfere seriously with the rights of adjoining landowners may constitute a nuisance. Arkadelphia v. Clark, 52 Ark. 23, 11 S.W. 957; Olmstead v. Rich, 53 Hun 638, 6 N.Y.S. 826; Lucas v. Pettit, 12 Ont. L.Rep. 448.
For the reasons stated, we hold that the trial judge was correct in granting the motion to dismiss the original complaint but was in error in ruling that the second amended complaint failed to state a cause of action and in dismissing the cause. Whereupon, the judgment of dismissal is reversed and the cause remanded for further proceedings.
Reversed and remanded.
NOTES
[1] It is noted that in the City of Los Angeles the keeping of bees in residential areas was prohibited by ordinance, and, in zones where keeping bees was permitted, it was provided that they could not be kept within 300 feet of an adjacent landowner's dwelling or within 100 feet of the boundary of another's land. See People v. Kasold, 153 Cal. App.2d Supp. 891, 314 P.2d 241; Ex parte Ellis, 11 Cal.2d 571, 81 P.2d 911.