## THE CITY OF GRAND RAPIDS v. STEPHEN WEIDEN.

*Nuisance—Abatement.*

1. The complainant is held to have followed the suggestion of the Court in *People v. White Lead Works*, 82 Mich. 471, in its choice of remedies for the abatement of the business complained of, which is found to be a nuisance under the testimony in the case, and its prosecution restrained after April 1, 1894.

2. Where it appears from the proofs that the offal used in a ren-

dering establishment, conducted in a growing section of a populous city, is more or less decomposed on its arrival, and that the accumulation of such offal, and of large quantities of bones from which the marrow has not been entirely extracted, and of manure, which is removed once a week, the presence of from 25 to 40 hogs, and the crudity of the rendering process, combined, create an intolerable stench about the premises, which permeates the neighborhood, and is borne by every breeze through that entire section of the city, into workshop and dwelling, causing nausea, debility, and discomfort, and compelling the people to shut their doors and windows to avoid it, the prosecution of the business will be enjoined as a nuisance.

Appeal from superior court of Grand Rapids. (Burlingame, J.) Argued June 22 and 23, 1893. Decided October 2, 1893.

Bill to abate a nuisance. Complainant appeals. Decree reversed, and one entered in this Court in accordance with the opinion, in which the facts are stated.

*William Wisner Taylor*, for complainant.

*Henry J. Felker* (*J. W. Ransom*, of counsel), for defendant.

McGRATH, J. This is a bill filed to abate an alleged nuisance.

In a growing section of the city of Grand Rapids, defendant is conducting a rendering establishment, where tallow is tried out from slaughter-house and meat-market offal. Beef cracklings—scraps of beef, pressed into cakes weighing from 75 to 100 pounds each—are also made up. After the rendering process, the bones are stacked away for shipment, the hair is put into barrels, and whatever blood accumulates is thrown into the manure pile. The manure is taken away once each week. From 25 to 40 hogs are kept about the premises, running in an inclosure about an acre and a half in size, which are fed with a mixture of meat "that comes from the bones," and corn meal or bran.

The offal is collected one day, and tried out the next. Two open kettles are used, under each of which is a small stove. The only ventilation specially provided for is a small hole in the chimney.

A large amount of testimony was taken, which it is unnecessary to discuss. The proofs on the part of the complainant, in my opinion, clearly establish the fact that the offal brought to defendant's works is more or less decomposed on its arrival, and that the accumulation of this matter, the aggregation of large quantities of bones from which the marrow has not been entirely extracted, the accumulation of manure, the presence of this number of hogs, and the crudity of the rendering process, combined, create an intolerable stench about these premises, which permeates the neighborhood, and is borne by every breeze through that entire section of the city, into workshop and dwelling, causing nausea, debility, and discomfort, and compelling the people to shut their doors and windows to avoid it.

The only question, which is always one of difficulty in this class of cases, is, what remedy shall be applied? The collection and accumulation of this raw material, the collection of these bones, and the presence of these swine are incidents of the business. Either is a source of annoyance and discomfort to a populated neighborhood, whatever methods may be adopted. Establishments of this character must sooner or later give way to population, notwithstanding the adoption of the best means so far invented to render them tolerable. The evil would be reduced somewhat by the daily cleansing of the establishment, avoiding the accumulation of offal, and removing all accumulations of filth; but it is evident that the more serious difficulty is incident to the nature of the business, aggravated, perhaps, by the simplicity of the appliances. A change of methods would probably involve large expense in plant, and, while it might reduce the evil, would not

entirely remove the cause for complaint. An order directing such change would but invite outlay, and leave defendant subject to other proceedings, probably in the near future, to the same end.

A decree must therefore be granted, restraining the prosecution of the business at that point on and after the first day of April next. In the mean time, defendant will be required to observe the suggestions above made with reference to accumulations of offal, the daily cleansing of the establishment, and the removal of all filth.

Some question has been raised with reference to this form of proceeding, but complainant has followed the suggestion of this Court in *People v. White Lead Works*, 82 Mich. 471.

The decree of the court below will be reversed, and a decree entered here in accordance with this opinion, with costs of both courts to complainant.

The other Justices concurred.