MUNICIPAL BOARD OF HEALTH OF CITY OF CHARLOTTE *v.* SANTEE.

NUISANCE—BUSINESS NOT DETRIMENTAL TO PUBLIC HEALTH MAY NOT BE ENJOINED BY BOARD OF HEALTH.

In a suit by a municipal board of health to enjoin defendants from maintaining an alleged nuisance caused by the curing and storing of hides in their place of business on one of the main streets and in the residential section of a city, where the court found that there was no evidence that said business was detrimental to the public health, the plaintiff was no longer interested in the litigation, and the bill should have been dismissed.

Appeal from Eaton; Collingwood (Charles B.), J., presiding. Submitted June 8, 1923. (Docket No. 97.) Decided July 19, 1923.

Bill by the municipal board of health of the city of

Charlotte against Benjamin F. Santee and another to abate an alleged nuisance.   From a decree for plaintiff, defendants appeal.   Reversed, and bill dismissed.

*Rosslyn L. Sowers* and *Ernest G. Davids,* for plaintiff.

*S. B. Roe* and *L. H. McCall,* for defendants.

MOORE, J.   The bill of complaint in this case was filed by the plaintiff to enjoin the defendants from maintaining an alleged public nuisance on one of the main streets and in the residential section of the city of Charlotte.   The defendants pleaded the pendency of a suit begun by the defendants in the present case against the plaintiff in relation to the same subject-matter.   The defendants also answered fully all the material averments in the bill of complaint, denying the truth thereof.

The defendants began their business 18 years ago at their present location and insist they are managing it in an orderly way, and that it is not a menace to the public health and that it is not a nuisance.

The plaintiffs produced 21 witnesses, and the defendants produced 31 witnesses upon the trial.   As might be expected there was considerable conflict in the testimony.

The trial judge filed a written opinion from which we quote:

"The case is brought to be heard in open court on the 3d day of August, 1921.   Plaintiff produced more than 20 witnesses and defendant followed by an equal number.   After hearing this evidence and arguments by the counsel, the court is convinced that the defendant is conducting their business in as clean and orderly manner as it possibly can be conducted, the evidence shows that the premises are clean at the present time, there having been a clean-up period about a year ago and since that time the place and surroundings have been conducted in a cleanly manner.

"The court does not find any evidence that the defendant's place is detrimental to the public health. There is no evidence to show that during the last six months carcasses of animals or any putrid animal matter has been laying around the place.     *     *     *

"The court is convinced by the evidence produced that salted hides have a peculiar and to many people a disagreeable smell, the degree to which this smell is offensive varies with different individuals.

"The court is convinced from the testimony that to the normal person this smell is quite offensive from the evidence produced that the immediate neighborhood are troubled by disagreeable odors arising from the hides and pelts kept and stored in defendant's place of business.     *     *     *

"It seems to be clearly established that at certain times and to certain persons there is little or no odor arising from those hides.

"Witnesses have testified with evident honesty that on visiting the establishment they found no disagreeable odor.     It is clearly established that at other times and to other persons, apparently normal persons, the smell is disagreeable and offensive, destroying the comfort and repose and enjoyment of the home where the person resides.     *     *     *

"The court is of the opinion that the business of curing and storing hides and pelts in a strictly residential district constitutes a public nuisance, and that the conducting of the business the defendants do, deprives the neighbors of the comfort, repose and enjoyment of their homes.

"In the opinion of this court, defendants in carrying on a hide and pelt business are conducting and maintaining a public nuisance and a perpetual injunction will be issued against the conducting of this hide and pelt business by the defendants at their present place of business."

A decree was entered reading in part as follows:

"Now therefore it is adjudged and decreed that defendants in carrying on a hide and pelt business, and in keeping and storing of hides and pelts at the place aforesaid are conducting and maintaining a public nuisance and a perpetual injunction is hereby issued

out of this court enjoining said defendants from keeping, storing, salting and conducting said hide and pelt business by said defendants at their place of business as aforesaid.

"It is further ordered and decreed that said defendants shall desist from the keeping, salting and conducting of said hide and pelt business at their present place of business.

"It is further ordered, adjudged and decreed that said defendants will be given six months in which to remove the hides and pelts from said residential district, being the present place of business of said defendants.

"It is further ordered, adjudged and decreed that if the said defendants shall fail to remove said hides from said present location within said period of six months, that the sheriff of the county of Eaton is hereby ordered and directed to immediately proceed thereafter and abate said nuisance by removing said hides from said present location as now occupied by said defendants, and with costs and expenses incident to said removal to be charged and collected against said defendants."

The case is brought here by appeal.

The appellants urge that plaintiffs have no authority to bring this proceeding.   They also urge that the pendency of the suit heretofore mentioned is a complete bar to this proceeding.   They also insist that they have built up a business during the 18 years in which they have a vested right, and that it cannot be abated in this proceeding.   They also insist the case made by the plaintiffs does not show a menace to public health, and that a public nuisance is not shown.   In our view of the case it is not necessary to discuss or pass upon all of these claims.   It has already appeared by the opinion, from which we have quoted, of the trial judge that he did not find any evidence that the defendants' place of business is detrimental to the public health.   A careful reading of this record leads us to the same conclusion as to this feature of the litigation.

When it is shown that the business is not detrimental to the public health it is evident that the municipal board of health is no longer interested in the litigation.    We think the bill of complaint should have been dismissed.

The decree is reversed, with costs to the appellants, and one may be entered here in accordance with this opinion.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.