### TOWNSHIP OF KALAMAZOO *v.* LEE.

1. NUISANCE—INJUNCTION—PIGGERY NOT DETRIMENTAL TO PUBLIC HEALTH MAY NOT BE RESTRAINED.

   In a suit by a township board of health to restrain the operation of a piggery, the only question necessary to a determination of the issue involved is whether the business is detrimental to public health.

2. SAME—OFFENSIVE ODORS INSUFFICIENT TO CONSTITUTE PUBLIC NUISANCE.

   Where the evidence failed to show that the business as conducted was detrimental to the public health, the court below properly dismissed the bill; the fact that offensive and disagreeable odors emanated therefrom being insufficient to constitute it a public nuisance.

Appeal from Kalamazoo; Root (Jesse H.), J., presiding.   Submitted June 10, 1924.   (Docket No. 73.)   Decided July 24, 1924.

Bill by the township of Kalamazoo and another against William Lee to abate an alleged public nuisance.   From a decree dismissing the bill, plaintiffs appeal.   Affirmed.

On keeping of pigs as nuisance, see note in L. R. A. 1917C, 212.

*Harry C. Howard,* for plaintiffs.

*Titus & Titus,* for defendant.

McDONALD, J.    This bill was filed to restrain an alleged public nuisance.    The defendant owns and occupies 21 acres of land 2½ miles southeast of the city of Kalamazoo, on which he maintained what is commonly called a piggery.    It is charged in the bill that he hauls to this land large quantities of garbage consisting of refuse animal and vegetable matter from restaurants in the city of Kalamazoo; that he dumps it upon the ground for the pigs, which usually are from 30 to 100 in number, that the pigs consume a part of the garbage, and that the remainder putrifies and becomes a "filthy, loathsome mass;" that a portion of the garbage he cooks out of doors in large caldrons and feeds the cooked refuse to the pigs; that noxious stenches arise therefrom; that swarms of flies and other insects gather about the dumping ground and spread to the homes of residents in the neighborhood; that a great quantity of filthy and putrid animal and vegetable matter is allowed to accumulate from which arises loathsome and offensive smells; all of which is a "cause of sickness and greatly jeopardizes the public health and safety of the community;" that running through the defendant's premises is a small creek, which formerly furnished drinking water for large herds of dairy cattle pastured on adjacent lands; that the garbage business as carried on by the defendant has polluted the water in this creek to the extent that there is danger of the milk supply becoming contaminated, thus causing disease and sickness.    The defendant denies that the business is conducted as claimed by the plaintiffs.    He says that he collects the garbage at night and cooks it the following morning, that he skims off the fat and ships it to Chicago where it is used in making soap, that he feeds the

liquid in troughs to the pigs; that he has carried on his business in this locality for four years; that it has caused no sickness in the neighborhood and is not detrimental to the public health.   On the hearing the circuit judge found that the business being conducted by the defendant was not detrimental to the public health.   From a decree dismissing the bill the plaintiffs have appealed.

The only question necessary to a determination of the issue involved is whether the business is detrimental to public health.   In *Charlotte Board of Health* v. *Santee,* 224 Mich. 182, this court said:

"When it is shown that the business is not detrimental to the public health, it is evident that the municipal board of health is no longer interested in the litigation."

No serious attempt seems to have been made to show that the business as conducted was detrimental to the public health.   The health officer, who is required by statute to be an educated physician, was not sworn and no other competent witnesses were produced to testify as to the effect of this business upon the public health.   The most that the plaintiffs' testimony established was the fact that offensive and disagreeable odors emanate from the business and are carried by every passing breeze throughout the neighborhood. The following excerpt from the opinion of the circuit judge correctly states the facts and the law applicable thereto:

"That the operation of defendant's piggery, as conducted, is not a public nuisance.   Whether its operation is a private nuisance is not of importance here, but unless one holds that all piggeries from their very nature, are public nuisances, it is difficult to see how this piggery, conducted as it is, with no garbage permitted to lie or be fed, upon the ground, is, under the facts disclosed in this case, and considering the isolated location of the piggery, a public nuisance.

That disagreeable odors emanate from this property there can be no question, nor is there any question but that the enjoyment and comfort of some have been interfered with, but this does not, in my opinion, constitute this a public nuisance."

A decree will be entered in this court dismissing the plaintiffs' bill, with costs to the defendant.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.