TOWNSHIP OF KALAMAZOO *v.* KALAMAZOO GARBAGE CO.

1. NUISANCE—INJUNCTION—PUBLIC HEALTH—NECESSARY TO SHOW DETRIMENT TO HEALTH TO JUSTIFY INJUNCTIVE RELIEF.

    In order to justify relief in a suit instituted by a board of health to restrain the operation of a business as a public nuisance, there must be evidence establishing the fact that said business is detrimental to public health.[1]

2. SAME—PIGGERY MAY NOT BE RESTRAINED UNLESS DETRIMENTAL TO HEALTH.

    Where the evidence failed to establish the fact that a piggery as conducted by defendant was detrimental to public health, the court below properly dismissed a bill to restrain same as a public nuisance.[2]

3. SAME—NOXIOUS TRADES — AUTHORITY OF TOWNSHIP BOARD TO ASSIGN PLACES FOR CONDUCTING.

    Where a township board had taken no action under 1 Comp. Laws 1915, § 5087, to assign places for the conduct of noxious trades, defendant's failure to conduct its piggery on a place assigned could not be urged by the township board as a reason for restraining it as a nuisance.[3]

---

[1]Nuisances, 29 Cyc. p. 1235 (1926 Anno); [2]Id., 29 Cyc. p. 1252; [3]Id., 29 Cyc. p. 1158 (1926 Anno).

As to municipal power over nuisance as regards keeping of pigs, see note in L. R. A. 1917C, 212.

Appeal from Kalamazoo; Root (Jesse H.), J., presiding.     Submitted October 8, 1924.     (Docket No. 26.)     Decided December 10, 1924.

Bill by the township of Kalamazoo and another against the Kalamazoo Garbage Company to abate an alleged public nuisance.     From a decree dismissing the bill, plaintiffs appeal.     Affirmed.

*Harry C. Howard,* for plaintiffs.

*Marvin J. Schaberg,* for defendant.

FELLOWS, J.     Defendant is engaged in the collection and disposal of garbage for the city of Kalamazoo. The garbage is collected in the city and disposed of by feeding the same to a large number of hogs on a small tract located in the township of Kalamazoo. Plaintiffs seek an injunction to restrain the operation of defendant's "piggery."     The case was tried at the same time and is a companion case to *Township of Kalamazoo* v. *Lee,* 228 Mich. 117.     In that case we held, following *Charlotte Board of Health* v. *Santee,* 224 Mich. 182, that, in order to justify relief in a proceeding instituted by the board of health, there must be evidence establishing the fact that the business conducted was detrimental ·to the public health, and we there dismissed plaintiff's bill.     The record in this case, like the record in the *Lee Case,* fails to establish this fact and the evidence here conclusively sustains the trial judge who heard and saw the witnesses and who personally viewed the premises, in the following conclusion:

"I cannot imagine a location more admirably adapted for the maintenance of a piggery than the one in question.     It is quite isolated, far enough away from the highway that the passersby cannot see it, and unless it should be held that a piggery, in and of itself, is a public nuisance, certainly this one cannot be con-

sidered such. Though it may be conceded that the dump gives off offensive odors, particularly in hot weather, considering the location, its isolation, and the presence of only a very few houses within a half mile of it, I am of the opinion that it is not a public nuisance."

The *Lee Case* is controlling on this question. Upon the argument it was urged that the *Lee Case* should not control because under section 5087, 1 Comp. Laws 1915, the township board had the authority to assign places for the conduct of noxious trades. This question was suggested but not stressed in the *Lee Case*. We think it sufficient to say in reply to this contention that the record shows that while the board adopted a resolution "to take action against all piggeries * * * not established on appointed places," it has taken no action assigning places for conducting piggeries. Indeed, one of the members of the board quite frankly testifies:

"We didn't want any garbage or any of this thing in the township; that was the real thing. We passed this resolution before we had been out there at all. I supported this motion before I had been out there. I had never seen the condition of the place. We declared it detrimental to the public health without looking at it."

And having reference to the portion of the resolution referring to "appointed places" he said:

"We haven't any of those places at present. We never did have, as nobody applied for any. Practically, that part of the resolution was simply camouflage."

The decree will be affirmed, with costs.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.