## PEOPLE v McGREGOR

### (REDFORD TOWNSHIP v McGREGOR)

1. NUISANCE—BEES—JUDICIAL QUESTION—JUDICIAL NOTICE—APPEAL
AND ERROR.

Neither the keeping, owning, nor raising of bees is in itself a
nuisance and whether or not they are a nuisance is a question
to be judicially determined in each case; therefore, it is error
for a trial judge to take judicial notice that the raising of bees
with their propensities toward roaming and stinging is a nui-
sance.

2. NUISANCE—PUBLIC NUISANCE—DEFINITION—COMMON RIGHTS—
QUESTION OF FACT.

A public nuisance is an act or omission which obstructs or causes
inconvenience or damage to the public in the exercise of rights
common to all, to be considered public rather than peculiar to
one individual, or several, but it is not necessary that the
entire community be affected so long as the nuisance will
interfere with those who come into contact with it in the
exercise of a public right; the activity must be harmful to the
public health or prevent the public from the peaceful use of
their land and public streets, and the question in each case is
one of fact to be considered in light of the facts peculiar to that
case.

3. MUNICIPAL CORPORATIONS—CONSTITUTIONAL LAW—ORDINANCES—
VALIDITY—PRESUMPTIONS—BURDEN OF PROOF.

An ordinance is presumed to be constitutionally valid; the party
claiming that an ordinance is unreasonable has the burden of
proving that there is no real and substantial relationship
between the exercise of the police powers and the public health,
safety, morals, or general welfare.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Animals § 62.

[2] 58 Am Jur 2d, Nuisances §§ 6–8, 106–112.

[3] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 355, 381–385.

Appeal from Wayne, James Canham, J. Submitted October 14, 1975, at Detroit. (Docket No. 20152.) Decided December 3, 1975.

Hector McGregor was convicted in District Court of harboring bees which become a nuisance and of improper storage of vehicles in a residential rear yard contrary to the ordinances of the Township of Redford. Defendant appealed to the circuit court. Affirmed. Defendant appeals by leave granted. Affirmed in part, reversed in part.

*Owen J. Cummings,* Redford Township Attorney, for plaintiff.

*Harold M. Ryan,* for defendant.

Before: V. J. BRENNAN, P. J., and BASHARA and R. M. MAHER, JJ.

BASHARA, J. The defendant, Hector McGregor, was convicted in the district court of the 17th Judicial District of harboring bees which become a nuisance[1] and of improper storage of vehicles in a residential rear yard.[2] Defendant appealed to the Wayne County Circuit Court which affirmed his conviction. We granted leave to appeal.

[1] Redford ordinance 174, § 1:

"It shall be unlawful for any person, firm or corporation to harbor bees, goats, pigeons and other fowl or animals other than cats and dogs in the Township of Redford in any manner so that said bees, goats, pigeons or other fowl or animals other than cats and dogs, shall become a nuisance or cause damage to the property within the Township of Redford."

[2] Redford ordinance 152, § 3.04; Residential Rear Yard Use:

"A rear yard in residential districts may be used for any detached garage or an accessory use such as a swimming pool or small accessory building. The rear yard may also be used for the parking of a currently licensed passenger vehicle, currently licensed accessory trailer, or boat, provided such storage area shall not occupy more than ten percent (10%) of the unoccupied rear yard area."

On September 8, 1970, an ordinance officer of Redford Township visited the home of the defendant. The inspector testified that in the yard of the premises he observed two trucks, three trailers, one small wrecker, one tractor, one licensed vehicle, various junk items, old lumber, bike wheels, bike innertubes, a truck camper body, old bed springs, tires, wheels, beehive equipment and two active beehives. Citations were issued to the defendant for permitting his bees to leave the premises[3] and for violating the rear yard storage of vehicles ordinance.

A neighbor of the defendant testified that sometime in late September of 1970, her daughter was stung by a bee while standing on the sidewalk in front of the defendant's home. There was no other testimony on whether the bee actually belonged to the defendant's hives. The neighbor further testified that her property was covered with either bees[4] or yellow jackets[5] in the spring. Toward the close of the neighbor's testimony the trial judge ruled that the people failed to sustain their burden of proof relative to the date of the bee sting. Apparently, and it is not entirely clear from the record, the trial judge did not believe that there was sufficient evidence to find that the defendant permitted his bees to leave the premises on the

[3] Redford ordinance 174, § 2:

"It shall be unlawful for the 'owner' of any bees, goats, pigeons and other fowl or animals to permit such fowl or animals to leave the owner's premises, excepting, however, that dogs may leave the owner's premises when controlled on a leash."

[4] *Webster's Third New International Dictionary* defines a bee as "a social colonial hymenopterous insect *(Apis mellifera)* often maintained in a state of domestication for the sake of the honey it produces and for use as a pollinator." Bees differ from wasps in that bees have a "heavier body and sucking as well as chewing mouthparts".

[5] *Webster's Third New International Dictionary* defines a yellow jacket as "any of various small yellow-marked social wasps of the family *Vespidae* that commonly nest in the ground".

date the citation was issued for violation of the ordinance. The trial continued, however, on the issue of whether the bees had become a nuisance.

At the close of the people's case the defendant moved to dismiss the charge of harboring bees that become a nuisance on the ground that the people failed to establish a nuisance. The trial judge ruled that there was sufficient evidence to support a finding of nuisance from the neighbor's testimony that a large number of bees covered her property in the springtime. The court also took judicial notice that unless bees are restricted they are a nuisance because they roam the neighborhood and, on either intentional or inadvertent antagonization, sting human beings.

Defendant first argues that the evidence does not support a finding of nuisance for the conviction of harboring bees. Michigan has no case law determining whether the raising of bees constitutes a nuisance. The view that has generally been adopted is well stated in *City of Arkadelphia v Clark,* 52 Ark 23; 11 SW 957, 958 (1889):

"Neither the keeping, owning, nor raising of bees is in itself a nuisance. Bees may become a nuisance in a city, but whether they are so or not is a question to be judicially determined in each case."

Other cases in agreement are *Ferreira v D'Asaro,* 152 So 2d 736 (Fla App, 1963), and *Olmstead v Rich,* 53 Hun 638; 6 NYS 826 (Sup Ct, 1889). See also 39 ALR 352, 363–364. We adopt this view.

It was error for the trial judge to take judicial notice that the raising of bees with their propensities towards roaming and stinging was a nuisance. The question still remains as to whether the bees or yellow jackets on the neighbor's property in the springtime constituted a nuisance.

An ordinance that prohibits conduct which results in a nuisance refers to a public nuisance. In *Township of Garfield v Young,* 348 Mich 337, 341–342; 82 NW2d 876 (1957), the Court quoting Prosser, Torts, § 71, pp 401, 402 states:

" 'No better definition of a public nuisance has been suggested than that of an act or omission "which obstructs or causes inconvenience or damage to the public in the exercise of rights common to all Her Majesty's subjects". The term comprehends a miscellaneous and diversified group of minor criminal offenses based on some interference with the interests of the community, or the comfort or convenience of the general public * * * .

" 'To be considered public, the nuisance must affect an interest common to the general public, rather than peculiar to one individual, or several. * * * It is not necessary, however, that the entire community be affected, so long as the nuisance will interfere with those who come in contact with it in the exercise of a public right.' "

The Court further stated:

"As such, the activity must be harmful to the public health, *Township of Kalamazoo v Lee,* 228 Mich 117; [199 NW 609 (1924)] * * * or prevent the public from the peaceful use of their land and the public streets, *City of Grand Rapids v Weiden,* 97 Mich 82 [56 NW 233 (1893)]. The question in each case is one of fact, and in each case we must consider the facts peculiar to that particular case. *People v Carpenter,* 1 Mich 273; *Crippen v People,* 8 Mich 117."

The facts in this case show only that the neighbor's property was covered in the springtime by either bees or yellow jackets that appeared dead but came back to life after being placed in jars.

There was absolutely no evidence to lay the charge of nuisance at the door of the defendant.

The second issue for consideration is whether Redford ordinance 152, § 3.04 limiting the storage of the listed vehicles to 10% of the rear yard is a violation of the police power because it is arbitrary and bears no relation to the health, safety or well being of the community. This is the extent of defendant's argument on the issue. In *Tally v Detroit,* 54 Mich App 328, 335; 220 NW2d 778 (1974), the Court stated:

"The legitimacy of any exercise of police power depends upon 'the existence of a real and substantial relationship between the exercise of those powers in a particular manner in a given case and the public health, safety, morals, or the general welfare'. *Grocers Dairy Co v Dept of Agriculture Director,* 377 Mich 71, 76; 138 NW2d 767 (1966). An ordinance will be presumed to be constitutionally valid. *Watnick v Detroit,* 365 Mich 600, 606; 113 NW2d 876 (1962). The party claiming that an ordinance is unreasonable has the burden of so proving. *Michigan Towing Association, Inc v Detroit,* 370 Mich 440, 455; 122 NW2d 709 (1963)."

The defendant's brief contains only bare allegations, and is clearly insufficient to sustain the burden of proof placed upon him.

The remaining issues are without merit or require no discussion because of the disposition of the above issues.

Defendant's conviction for harboring bees that become a nuisance under Redford ordinance 174, § 1, is reversed. His conviction for improper storage of vehicles in a residential rear yard under Redford ordinance 152, § 3.04 is affirmed.